UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SEAN CERTEZA, *Prisoner Identification Number 411-779, SID Number 257-4895,*

Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,
DR. ASHOK KRISHNASWAMY,
ERWIN ALDANA, *Regional Medical Director*,
ASRESAHEGN GETACHEW, M.D.,
MAHBOOBEH MEMARSADEGHI, M.D.,
MONICA STALLWORTH, M.D.,
COLIN OTTEY, M.D., and
DOLPH DRUCKMAN, M.D.,

Defendants.

Civil Action No. TDC-18-1791

## MEMORANDUM OPINION

In this civil action filed by Plaintiff Sean Certeza alleging constitutionally inadequate medical care to a state inmate, Defendant Dr. Ashok Krishnaswamy has filed a Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Improper Service. The Motion is fully briefed. Having reviewed the briefs and submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED as to the issue of improper service and DISMISSED AS MOOT as to the remaining arguments for dismissal.

## BACKGROUND

On June 15, 2018, Certeza, a current state inmate who was then confined at the Roxbury Correctional Institution in Hagerstown, Maryland ("RCI"), filed a civil rights complaint pursuant

to 42 U.S.C. § 1983 ("§ 1983") asserting that various Defendants, including Dr. Krishnaswamy, provided him constitutionally inadequate medical care for a broken wrist, in violation of the Eighth Amendment to the United States Constitution. Certeza also filed a Motion for Leave to Proceed In Forma Pauperis, which the Court granted. *See* ECF Nos. 2, 10. On October 16, 2018, at the Court's direction, Certeza filed a Supplement to the Complaint by which he cured pleading deficiencies identified in a September 18, 2018 Order. *See* ECF Nos. 3 & 4. The Court construed Certeza's Complaint and Supplement together as naming the following Defendants: Wexford Health Sources, Inc. ("Wexford"), which was then Maryland's contracted prison medical services provider, P.A. Jamison, Dr. Mahboobeh Memarsadeghi, and Dr. Monica Stallworth (collectively, "the Medical Defendants"); RCI Warden Richard Miller and RCI Administrative Remedy Coordinator Patricia Caspar (collectively, "the Correctional Defendants"); an unnamed Regional Medical Director; and Dr. Krishnaswamy, an orthopedic surgeon at Bon Secours Hospital in Baltimore, Maryland to whom Certeza was sent by Wexford medical providers for treatment.

In cases in which a party proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d) (2018). Accordingly, on November 29, 2018, the Court sent the Complaint and Supplement to a designated representative of Wexford; a designated representative of the Office of the Attorney General of Maryland, Correctional Litigation Unit; and the RCI Litigation Coordinator with a request that each recipient inform the Court whether it would accept service on behalf of the defendants affiliated with it. *See* Order at 2, ECF No. 5. On January 2, 2019, the RCI Litigation Coordinator accepted service on behalf of Defendant Caspar, but refused service on behalf of all other Defendants. ECF No. 12. On January 8, 2019, the Office of the Attorney General entered an appearance on behalf of, and accepted service for, Defendant Warden Miller. ECF No. 11. On February 7, 2019, counsel entered an appearance on behalf of,

2

and accepted service for, Defendants Wexford, P.A. Jamison, Dr. Memarsdeghi, and Dr. Stallworth. *See* ECF Nos. 16, 17, and 18. None of the designated representatives accepted service on behalf of Dr. Krishnaswamy or the unnamed Regional Medical Director. The Court did not issue any further orders to direct service on those Defendants.

In February 2019, the Correctional Defendants and the Medical Defendants each filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF Nos. 18 & 20. In a September 9, 2019 Memorandum Opinion and Order, the Court dismissed the Correctional Defendants, Wexford, and Jamison but denied summary judgment to Dr. Memarsadeghi and Dr. Stallworth. ECF Nos. 24 & 25. In that same Order, the Court directed that the docket be amended to identify Defendant Regional Medical Director as Erwin Aldana and that counsel for the Medical Defendants enter an appearance on Aldana's behalf and respond to the Complaint. The Court did not order service on Dr. Krishnaswamy.

In the September 9, 2019 Order, the Court also directed that counsel be appointed to represent Certeza in his claims against the remaining Defendants. Over the ensuing year, including through the time period after the onset of the COVID-19 pandemic when court operations were curtailed, the Court identified and appointed three different members of the bar of this Court as *pro bono* counsel for Certeza, only to have each request to be relieved from the appointment. The Court granted each of those requests. *See* ECF Nos. 27, 29, 30, 32, 33, 40. Finally, on October 27, 2020, on the fourth try, the Court appointed Certeza's present counsel. ECF No. 41. On December 16, 2020, the parties proposed a joint discovery schedule and initiated discovery, with the parties requesting and receiving in February 2021 court approval to take the deposition of Certeza. *See, e.g.*, ECF Nos. 46, 50, 51.

3

On April 20, 2021, Certeza's counsel filed "Plaintiff's Consent Motion to Extend the Time to Serve the Complaint on Defendant Dr. Ashok Krishnaswamy," ECF No. 52, in which counsel noted that Dr. Krishnaswamy, who is not affiliated with Wexford, was "inadvertently not served ... by virtue of the Court's order" and requested 30 days to serve him. As explanation, Certeza's counsel stated that in the course of investigating Certeza's claims, "it has become apparent that Plaintiff still seeks to prosecute his claims against Defendant Krishnaswamy." *Id.* at 3. Counsel stated that the remaining Defendants—Dr. Stallworth, Dr. Memarsadeghi, and Aldana—had consented to this request. The Court granted the Motion on April 26, 2021, and Dr. Krishnaswamy was served on May 21, 2021. ECF Nos. 53 & 55.

On July 30, 2021, Dr. Krishnaswamy filed the present Motion in which he sought dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(5) for improper service or under Rule 12(b)(6) for failure to state a claim. On August 20, 2021, in response to the Motion, Certeza filed an Amended Complaint, ECF No. 68, and a memorandum in opposition to the Motion addressing the issue of improper service, ECF No. 69. In an August 30, 2021 filing, the parties notified the Court that Defendants intend to file new motions to dismiss or strike the Amended Complaint but agreed that the filing of the Amended Complaint did not render the Motion moot on the issue of improper service. ECF No. 73. *See, e.g., Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he [time] period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." (citing 4B Charles Allen Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1137 (4th ed.))). In light of the expected new Motions to Dismiss, the Court will dismiss as moot the Motion as to the Rule 12(b)(6) arguments. It will, however, consider the Motion on the issue of improper service.

4

## DISCUSSION

On the issue of improper service, Dr. Krishnaswamy seeks dismissal under Rule 12(b)(5) because Certeza failed to serve Dr. Krishnaswamy within the 90-day service period, has not established good cause for the failure to do so, and has not established excusable neglect in order to permit the Court to grant an untimely request to extend the service deadline.

### I. Legal Standards

Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not served within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Where a plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). "Good cause" also "generally exists when the failure of service is due to external factors." *Id.* Good cause is "determined on a case-by-case basis within the discretion of the district court" based on factors including whether (1) the delay in service was outside plaintiff's control; (2) the defendant was evasive; (3) the plaintiff acted diligently or made reasonable efforts; (4) the plaintiff is *pro se* or *in forma pauperis*; (5) the defendant will be prejudiced; and (6) the plaintiff asked for an extension of time. *Scott v. Md. Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016) (citing *Kurka v. Iowa Cnty.*, 628 F.3d 953, 957 (8th Cir. 2010)).

If, in addition to failing timely to serve a defendant, "a plaintiff requests an extension of time [for service] after the expiration of the [90] day limitation period," the plaintiff must also show a failure to act because of "excusable neglect.'" *Martinez v. United States*, 578 F. App'x 192, 193–94 (4th Cir. 2014) (per curiam) (quoting Fed. R. Civ. P. 6(b)(1)(B)). *See Mendez v.*

5

*Elliot*, 45 F.3d 75, 79 (4th Cir. 1995) (finding that a plaintiff who had not timely served and who asked for an extension of the service deadline outside the service deadline "failed to satisfy Rules 4(m) and 6(b) by failing to establish both good cause for the lack of service and excusable neglect for not filing the motion to extend service before the expiration of the [time] period"). In assessing excusable neglect, courts consider the danger of prejudice to the other party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (interpreting excusable neglect in the context of the Federal Rules of Appellate Procedure); *Martinez*, 578 F. App'x at 194 n* ("Excusable neglect generally has the same meaning throughout the federal procedural rules."). The "most important" factor in assessing excusable neglect is "the reason for the failure." *Thompson*, 76 F.3d at 534.

## II.     Service

As an initial matter, Certeza argues that good cause is not the standard for an extension of the service deadline. Certeza's argument is a reasonable reading of the plain language of Rule 4(m). *See R&J Steel Erectors, LLC v. Buffalo Structural Steel Constr. Corp.*, No. TDC-20-0533, 2021 WL 4219045, at *2 (D. Md. Sept. 16, 2021) (discussing the absence of a good cause requirement in the text of Rule 4(m)). However, the United States Court of Appeals for the Fourth Circuit has held on multiple occasions, including as recently as 2019, that under Rule 4(m), dismissal for untimely service is required "unless the plaintiff shows good cause." *Attkisson*, 925 F.3d at 627; *Mendez*, 45 F.3d at 78. This Court is bound by that controlling authority to require good cause for an extension of the service deadline.

Turning to Dr. Krishnaswamy's arguments that there was no good cause or excusable neglect for the delay in service and in seeking an extension of the service deadline, these arguments

6

seek to impute to Certeza the entirety of the two-year and 10-month delay between the filing of his lawsuit and his request to extend time for service on Dr. Krishnaswamy. As noted above, however, where, as here, the plaintiff was proceeding *in forma pauperis*, it is the court, not the plaintiff, who controls the timing and execution of service. *See* 28 U.S.C. § 1915(d). Here, the Court initially requested that representatives of RCI, the State of Maryland, and Wexford accept service for the various individual Defendants, but no one accepted service on behalf of Dr. Krishnaswamy, who though a treating physician to Certeza, was not employed at RCI or by Wexford. At that point, the Court should have directed the United States Marshals Service ("USMS") to effect service. *See* Fed. R. Civ. P. 4(c)(3) (stating that the court must "order that service be made by a United States marshal" if "the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"). Though the Court failed to do so, Certeza cannot fairly be charged with the resulting delay because, by statute, he had no ability to effect service while he was unrepresented. *See* 28 U.S.C. § 1915(d). In light of this fact, Dr. Krishnaswamy's reliance on *Brooks v. Johnson*, 924 F.3d 104 (4th Cir. 2019), is misplaced. While the court in *Brooks* detailed multiple steps taken by the plaintiff to assist the USMS in effecting service, it nowhere made such strenuous efforts a requirement under § 1915(d) for *in forma pauperis* parties. *See id.* at 109–10.

The Court thus finds good cause for Certeza's failure to serve Dr. Krishnaswamy during the period from the filing of his Complaint until October 27, 2020, the day that present counsel was appointed. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("Because the delay caused by the court's failure to authorize the issuance and service of process is beyond the control of an *in forma pauperis* plaintiff, such failure constitutes good cause requiring the [90]-day period to be extended.").

7

This leaves Certeza to answer only for the period from the appointment of present counsel on October 27, 2020 to the filing of the Consent Motion to Extend the Time to Serve the Complaint on Dr. Krishnaswamy on April 20, 2021. Though it is not entirely clear, in light of 28 U.S.C. § 1915(d), when the period for service expired, the Court finds both good cause for Certeza's failure to serve in a timely manner and excusable neglect to the extent that the Motion to Extend the Time to Serve was filed late. Here, *pro bono* counsel was appointed in October 2020, in the midst of the COVID-19 pandemic. As reflected by Standing Order 2020-07's general 84-day extension of all filing deadlines and postponement of nearly all court proceedings, the external factor of the COVID-19 pandemic severely curtailed and constrained all aspects of federal litigation, including in this Court, throughout a significant portion of 2020 and into 2021. In particular, the pandemic resulted in significantly reduced access to prisons and jails, which drastically limited the ability of attorneys to meet with incarcerated clients. *See, e.g., United States v. Brown*, No. DKC 19-0146, 2020 WL 5338441, at *4 (D. Md. Sept. 4, 2020) (noting, in finding that pre-trial delays had not violated a detained criminal defendant's Sixth Amendment speedy trial rights, that the pandemic had resulted in unavoidable "limitations on counsel in reviewing material, [and] limited access to the defendants").

In this context, Certeza's counsel entered the case without prior knowledge of the case and had to undertake to learn its history, including the original posture of the case and the impact of the Court's September 9, 2019 Memorandum Opinion and Order resolving the prior Motions to Dismiss or, in the Alternative, Motions for Summary Judgment. Included in this review was learning and understanding the history of service of Defendants. As noted in the Motion to Extend the Time to Serve, counsel required some time to uncover the prior failure to serve Dr. Krishnaswamy and also had to determine, presumably after arranging for and conducting direct

8

discussions with Certeza, the extent to which he still wanted to pursue claims against Dr. Krishnaswamy. Where these steps necessarily take time, particularly under the extraordinary circumstances of the COVID-19 pandemic, the Court finds good cause for any failure by counsel to timely effect service. *See Attkisson*, 925 F.3d at 627.

These same facts support the Court's parallel finding of excusable neglect for the late filing of Certeza's Motion to Extend the Time to Serve. Although the delay has been lengthy, as discussed above, it was primarily the result of the Court's failure to order service. Certeza's counsel has been acting in good faith in seeking to advance the case not only by seeking to serve Dr. Krishnaswamy upon discovering that omission, but also in negotiating a discovery schedule that included depositions with the first six months after entering the case. *See* ECF No. 46, 50 & 51. Nor is the Court persuaded that Dr. Krishnaswamy has been unduly prejudiced. His primary argument on prejudice is that he is being subjected to litigation beyond the applicable statute of limitations. However, the expiration of the statute of limitations cuts against Dr. Krishnaswamy as much as it helps him. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action...."). Under these circumstances, the Court finds excusable neglect for the delay in filing the Motion to Extend the Time to Serve.

Where good cause and excusable neglect have been established, the Motion to Dismiss will be denied on the issue of improper service.

## CONCLUSION

For the reasons set forth above, Dr. Krishnaswamy's Motion to Dismiss is DENIED IN PART and DISMISSED AS MOOT IN PART. The Motion is DENIED as to the request for

9

dismissal based on improper service. It is otherwise DISMISSED AS MOOT. A separate Order shall issue.

Date: September 30, 2021

/s/ THEODORE D. CHUANG
THEODORE D. CHUANG
United States District Judge